**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: ) | | |
| ) | | |
| 8TH ST. VENTURE HOLDINGS, LLC, ) | | **21-00188-ELG** |
| ) | | **CHAPTER 7** |
| DEBTOR. ) | | |
| ) | | |
| IN RE: ) | | |
| ) | | |
| NEW JERSEY HOLDINGS, LLC, ) | | **21-00189-ELG** |
| ) | | **CHAPTER 7** |
| DEBTOR. ) | | |
| ) | | |
| IN RE: ) | | |
| ) | | |
| SUMMER HOLDINGS, LLC, ) | | **21-00190-ELG** |
| ) | | **CHAPTER 7** |
| DEBTOR. ) | | |
| ) | | |
| IN RE: ) | | |
| ) | | |
| VIRGINIA ILLINOIS VENTURES, LLC, ) | | **21-00191-ELG** |
| ) | | **CHAPTER 7** |
| DEBTOR. ) | | |
| ) | | |
| IN RE: ) | | |
| ) | | |
| VERMONT 1509 HOLDINGS, LLC, ) | | **21-00192-ELG** |
| ) | | **CHAPTER 7** |
| DEBTOR. ) | | |

**EX PARTE MOTION FOR RULE 2004 EXAMINATION OF NAPOLEON IBIEZUGBE**
**AND DIRECTING PRODUCTION OF DOCUMENTS**

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Proposed Counsel to the Trustee*

**TO THE HONORABLE ELIZABETH L. GUNN, BANKRUPTCY JUDGE:**

COMES NOW Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estates of 8th St. Venture Holdings, LLC; New Jersey Holdings, LLC; Summer Holdings, LLC; Virginia Illinois Ventures, LLC; Vermont 1509 Holdings, LLC (collectively, "Debtors" and each a "Debtor"), by and through counsel McNamee Hosea, P.A., pursuant to Bankruptcy Rule 2004(a), and hereby moves this Court for entry of an Order directing Napoleon Ibiezugbe to appear at the office of McNamee Hosea, P.A., 6411 Ivy Lane, Suite 200, Greenbelt, Maryland 20770, on Wednesday, October 25, 2021 at 9:30 a.m. or at such other time as the Trustee and Mr. Ibiezugbe may mutually agree, for examination under oath concerning the Debtors, their assets, liabilities, income, and expenses, any transfers made by the Debtors within 4 years before this bankruptcy case was filed, and any other matters concerning the Debtors' assets, income, liabilities, expenses, executory contracts, and bankruptcy filings as may arise. The Trustee also requests that Mr. Ibiezugbe produce to the Trustee for inspection and copying, at least five (5) business days prior to the Rule 2004 Examination, certain documents Mr. Ibiezugbe possesses or over which he has custody or control, and for reasons states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this 2004 Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

**Background**

4. These cases commenced on July 16, 2021 (the "Petition Date"), when certain creditors filed involuntary petitions for relief under Chapter 7 of the United States Bankruptcy Court.

5. Wendell W. Webster is the Trustee of each Debtor's Chapter 7 estate.

6. The 341 Meeting in each case will be held on October 28, 2021.

7. On September 21, 2021, the Court entered an Order for Relief in an Involuntary Case against each of the Debtors. The Court also entered Orders to File Required Documents and Order to File Mailing Matrix. Docket No. 14-15. The Debtors have not filed any statements, schedules, or mailing matrix and the time to do so has expired.

8. On September 30, 2021, the Trustee filed a response asking the court to not dismiss the bankruptcy cases. There appears to be assets in each case. The Debtors are the record owners of the properties located at A) 1112 8th Street NE, Unit 1, Washington, DC 20002; (B) 1724 New Jersey Avenue NW Units 1-4, Washington DC 20001; (C) 1281 Simms Place NE Units 1-4, Washington DC 20001; (D) 1509 Vermont Avenue NW, Washington DC 20002; and (E) 5519 Illinois Avenue NW, Washington DC. As the principal of each Debtor, Mr. Napoleon Ibiezugbe must present the requested information and funds to facilitate the liquidation of those assets for the benefit of creditors.

9. The Trustee requires an opportunity to examine Mr. Ibiezugbe concerning each Property, specifically in matters related to:

    a. The nature of each Debtor's assets and liabilities;

    b. Whether there are any tenants and an accounting of rental payments received, including information on any security deposit received, if any;

3

  c.  The terms of any lease agreements or other executory contracts;

  d.  The number of tenants that currently reside at each Property; :

  e.  Whether there is any insurance on each Property;

  f.  Whether there were any transfers made within four years prior to the Petition Date, and, what the Debtors received in exchange for the transfers.

  g.  The names of all creditors of the Debtors and their addresses and contact information;

  h.  An accounting of all debts the Debtors owe, and identifying to which creditor the debts correspond to;

  i.  A list of all bank and similar accounts belonging to the Debtors as well as the location as to where those accounts are being held, including account numbers;

  j.  Whether there are any other assets the Debtors have custody or control over.

  k.  All other information necessary to complete each Debtor's schedules and statement of financial affairs.

10. In order to assist the Trustee in his evaluation, the Trustee also needs to inspect the documents listed on **Exhibit 1**, attached hereto.

11. Federal R. Bankr. P. 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity."

12. Pursuant to Rule 2004, the Trustee requests the authority to take the oral examination of Mr. Ibiezugbe, under oath, and in the presence of a court report on October 25, 2021 at 9:30 a.m., or at such other time and date as the Trustee and Mr. Ibiezugbe mutually agree to, either virtually, or at the offices of McNamee Hosea, P.A., 6411 Ivy Lane, Suite 200, Greenbelt, MD 20770, or a location to be agreed upon.

13. The Trustee requests that Court issue the attached order authorizing him to issue a subpoena to Mr. Ibiezugbe to be served by Federal Express and first class mail. *See Hall vs. Sullivan*, 229 F.R.D. 501 (D. Md. 2005) (allowing service of subpoena by Federal Express). Mr. Ibiezugbe is aware of the bankruptcy proceedings and will be at the hearing on October 13, 2021, so that he can be made aware of the subpoena.

WHEREFORE, the Trustee requests that the Court enter an Order:

a. Directing Mr. Ibiezugbe to appear and submit to a Rule 2004 Examination by the Trustee;

b. Requiring Mr. Ibiezugbe to produce to the Trustee, for inspection and copying, at least five (5) business days prior to the Rule 2004 Examination, the documents listed on **Exhibit 1**, attached hereto; and

c. Granting such other and further relief as the nature of this case may require.

Dated: October 11, 2021    Respectfully submitted

/s/    Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Proposed Counsel to the Trustee*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 11, 2021, I served a copy of the foregoing was served via first class mail, postage prepaid, upon the following:

Office of the United States Trustee
1725 Duke Street
Alexandria, VA 22314

8th St. Venture Holdings, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

New Jersey Holdings, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

Napoleon Ibiezugbe
19142 Stream Crossing Ct.
Leesburg, VA 20176

Napoleon Ibiezugbe
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

Summer Holdings, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

Virginia Illinois Ventures, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

Vermont 1509 Holdings, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

      /s/    Justin P. Fasano
      Justin P. Fasano

# EXHIBIT 1

# DOCUMENT REQUESTS

## I. Definitions

1. The term "Communication" means, without limitation, any oral, written or electronic transmission of information, demands or questions, including, but not limited to, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, e-mails, seminars, conferences, writings, letters, messages, notes or memoranda.

2. As used herein the term "Document" includes anything within the scope of Rule 1001 of the Federal Rules of Evidence, Rule 7034 of the Federal Rules of Bankruptcy Procedure, and Rule 34 of the Federal Rules of Civil Procedure. The term "document" includes, but is not is not limited to, originals and copies of any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, Communication, correspondence, memorandum, telex, telegram, cable, contract, agreement, amendment, receipt, manual, journal, ledger, trial balance, diary, summary or record of telephone or other conversation (e.g., personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, wire transfer information, chart, paper, drawing, graph, diagram, photograph, film, plan, map, index, tape, voice recording, computer output or input, income tax return, or any other written, printed, typed, recorded, transcribed, taped, photographic or graphic matter, however produced or reproduced, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed and whether assertively privileged or not. Different versions of the same document (e.g., copies of a printed document with differing handwritten notations and superseded drafts) are

different documents within the meaning of that term as used herein. The term Document includes ESI.

3. The term "ESI" means any and all computer-based or other digital information, including, but not limited to, any and all electronically or magnetically maintained information and printouts.

4. The terms "relate to" or "relating to" mean any and all documents which relate to in any way to the subject of the request, including, without limitation, documents containing a reference thereto, documents connected with, documents consisting in and of themselves of the item requested, documents which reflect, relate to, pertain to, embody, comment on, respond to, describe, analyze, constitute, illustrate, depict, mention, record, support, contradict or rebut, either directly or by inference, evidence, or show any information regarding a subject matter of the request or documents which are part of other documents requested.

5. "Debtors" means 8th St. Venture Holdings, LLC; New Jersey Holdings, LLC; Summer Holdings, LLC; Virginia Illinois Ventures, LLC; Vermont 1509 Holdings, LLC. Each such entity may individually be referred to as a "Debtor"

6. "Properties" means the real property owned by the Debtors, including but not limited to (A) 1112 8th Street NE, Unit 1, Washington, DC 20002; (B) 1724 New Jersey Avenue NW Units 1-4, Washington DC 20001; (C) 1281 Simms Place NE Units 1-4, Washington DC 20001; (D) 1509 Vermont Avenue NW, Washington DC 20002; and (E) 5519 Illinois Avenue NW, Washington DC.

7. All other terms shall have the meanings assigned to them in ordinary usage or the United States Bankruptcy Code.

## II. Instructions

1. The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2. If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3. If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4. Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

5. If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other

9

ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (g) the date on the document and, if different, the date on which the document was created and/or sent; (h) the number of pages of the document; (i) the specific request herein to which the document is responsive; (j) the nature of the privilege(s) asserted as to the document; and (k) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

6. If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

7. This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

8. In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

9. The Time Period for each Document Request, unless otherwise states, is January 1, 2016 to present.

### III. Documents to be Produced

1. A list of all assets of each Debtor, and any documentation evidencing the same.

2. A list of all creditors of each Debtor and amounts owed to each creditor, and any documentation, including invoices, evidencing the same.

3. Any and all rental agreement or lease with the Debtors for each Property, if any.

4. Any and all documents evidencing the rents received for each Property, if any.

5. Any and all documents evidencing the security deposits received in connection with each Property, if any.

6. Any and all documents evidencing any executory contracts of each Debtor, if any.

7. Loan documents related to each Property, including, but not limited to: any promissory notes, deed of trusts, and any amendments to loan documents.

8. Accounting of any and all transfers made by the Debtors within 4 years prior to the Petition Date, including the identity to whom the transfer was made, and any consideration received in exchange for those transfers; and all documents evidencing the same.

9. Bank or similar records for each Debtors for the last five years, including but not limited to: account statements, deposit slips, signature cards, voided or cancelled checks, bills, balance sheets, loans, amendments to any loan statements, and credit card statements.

10. Bank or similar records of all entities that the Debtors have ownership of or was a beneficiary of within the last five years.

11. Any and all documents evidencing any sale of property by any Debtor from January 1, 2016 to present, including but not limited, to HUD-1 statements and/or settlement statements.

12. The Operating Agreement for each Debtor, and any amendment thereto.