**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN RE:** ) ) | | |
| **8TH ST. VENTURE HOLDINGS, LLC,** ) ) | **21-00188-ELG** | |
| DEBTOR. ) ) | **CHAPTER 7** | |
| **IN RE:** ) ) | | |
| **NEW JERSEY HOLDINGS, LLC,** ) ) | **21-00189-ELG** | |
| DEBTOR. ) ) | **CHAPTER 7** | |
| **IN RE:** ) ) | | |
| **SUMMER HOLDINGS, LLC,** ) ) | **21-00190-ELG** | |
| DEBTOR. ) ) | **CHAPTER 7** | |
| **IN RE:** ) ) | | |
| **VIRGINIA ILLINOIS VENTURES, LLC,** ) ) | **21-00191-ELG** | |
| DEBTOR. ) ) | **CHAPTER 7** | |
| **IN RE:** ) ) | | |
| **VERMONT 1509 HOLDINGS, LLC,** ) ) | **21-00192-ELG** | |
| DEBTOR. ) ) | **CHAPTER 7** | |

**ORDER FOR RULE 2004 EXAMINATION OF NAPOLEON IBIEZUGBE
AND DIRECTING PRODUCTION OF DOCUMENTS**

This matter came before the Court on the Trustee's Motion for Rule 2004 Examination and Directing Production of Documents ("Motion"). Upon consideration of the Motion, and any

opposition filed thereto, the Court finds that good cause exists to grant the relief requested and it is hereby:

**ORDERED** that the Motion is **GRANTED**; and it is

**FURTHER ORDERED** that Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estates of 8th St. Venture Holdings, LLC; New Jersey Holdings, LLC; Summer Holdings, LLC; Virginia Illinois Ventures, LLC; Vermont 1509 Holdings, LLC is authorized to serve Mr. Napoleon Ibiezugbe ("Mr. Ibiezugbe") with a subpoena (1) requiring Mr. Ibiezugbe to appear at a Rule 2004 Examination conducted by the Trustee located at McNamee Hosea, P.A., 6411 Ivy Lane, Suite 200, Greenbelt, MD 20770 on October 25, 2021 at 9:30 a.m. or at such other time, place and date agreed upon by Trustee and Mr. Ibiezugbe; and (2) requiring Mr. Ibiezugbe to submit five (5) days prior to the Rule 2004 Examination the documents listed on **Exhibit 1** to this Order to the Trustee for copies and inspection; and it is

**FURTHER ORDERED,** that the foregoing subpoena may be served by first-class mail, postage prepaid, and Federal Express.

**END OF ORDER**

Copies to:

Office of the United States Trustee
1725 Duke Street
Alexandria, VA 22314

8th St. Venture Holdings, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

New Jersey Holdings, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

Summer Holdings, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

Virginia Illinois Ventures, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

Vermont 1509 Holdings, LLC
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

Napoleon Ibiezugbe
19142 Stream Crossing Ct.
Leesburg, VA 20176

Napoleon Ibiezugbe
1425 H Street, N.E.
2nd Floor
Washington, DC 20002

Janet M. Nesse, Esq.
Justin P. Fasano, Esq.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

**EXHIBIT 1**
**DOCUMENT REQUESTS**
**I. Definitions**

1.    The term "Communication" means, without limitation, any oral, written or electronic transmission of information, demands or questions, including, but not limited to, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, e-mails, seminars, conferences, writings, letters, messages, notes or memoranda.

2.    As used herein the term "Document" includes anything within the scope of Rule 1001 of the Federal Rules of Evidence, Rule 7034 of the Federal Rules of Bankruptcy Procedure, and Rule 34 of the Federal Rules of Civil Procedure. The term "document" includes, but is not is not limited to, originals and copies of any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, Communication, correspondence, memorandum, telex, telegram, cable, contract, agreement, amendment, receipt, manual, journal, ledger, trial balance, diary, summary or record of telephone or other conversation (e.g., personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, wire transfer information, chart, paper, drawing, graph, diagram, photograph, film, plan, map, index, tape, voice recording, computer output or input, income tax return, or any other written, printed, typed, recorded, transcribed, taped, photographic or graphic matter, however produced or reproduced, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed and whether assertively privileged or not. Different versions of the same document (e.g., copies of a printed document with differing handwritten notations and superseded drafts) are

4

Case 21-00189-ELG    Doc 20-1    Filed 10/11/21    Entered 10/11/21 10:43:14    Desc
Proposed Order    Page 5 of 9

different documents within the meaning of that term as used herein.  The term Document includes ESI.

3.  The term "ESI" means any and all computer-based or other digital information, including, but not limited to, any and all electronically or magnetically maintained information and printouts.

4.  The terms "relate to" or "relating to" mean any and all documents which relate to in any way to the subject of the request, including, without limitation, documents containing a reference thereto, documents connected with, documents consisting in and of themselves of the item requested, documents which reflect, relate to, pertain to, embody, comment on, respond to, describe, analyze, constitute, illustrate, depict, mention, record, support, contradict or rebut, either directly or by inference, evidence, or show any information regarding a subject matter of the request or documents which are part of other documents requested.

5.  "Debtors" means 8th St. Venture Holdings, LLC; New Jersey Holdings, LLC; Summer Holdings, LLC; Virginia Illinois Ventures, LLC; Vermont 1509 Holdings, LLC.  Each such entity may individually be referred to as a "Debtor"

6.  "Properties" means the real property owned by the Debtors, including but not limited to (A) 1112 8th Street NE, Unit 1, Washington, DC 20002; (B) 1724 New Jersey Avenue NW Units 1-4, Washington DC 20001; (C) 1281 Simms Place NE Units 1-4, Washington DC 20001; (D) 1509 Vermont Avenue NW, Washington DC 20002; and (E) 5519 Illinois Avenue NW, Washington DC.

7.  All other terms shall have the meanings assigned to them in ordinary usage or the United States Bankruptcy Code.

## II. Instructions

1. The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2. If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3. If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4. Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

5. If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other

ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (g) the date on the document and, if different, the date on which the document was created and/or sent; (h) the number of pages of the document; (i) the specific request herein to which the document is responsive; (j) the nature of the privilege(s) asserted as to the document; and (k) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

6.      If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

7.      This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

8.      In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

9. The Time Period for each Document Request, unless otherwise states, is January 1, 2016 to present.

### III. Documents to be Produced

1. A list of all assets of each Debtor, and any documentation evidencing the same.

2. A list of all creditors of each Debtor and amounts owed to each creditor, and any documentation, including invoices, evidencing the same.

3. Any and all rental agreement or lease with the Debtors for each Property, if any.

4. Any and all documents evidencing the rents received for each Property, if any.

5. Any and all documents evidencing the security deposits received in connection with each Property, if any.

6. Any and all documents evidencing any executory contracts of each Debtor, if any.

7. Loan documents related to each Property, including, but not limited to: any promissory notes, deed of trusts, and any amendments to loan documents.

8. Accounting of any and all transfers made by the Debtors within 4 years prior to the Petition Date, including the identity to whom the transfer was made, and any consideration received in exchange for those transfers; and all documents evidencing the same.

9. Bank or similar records for each Debtors for the last five years, including but not limited to: account statements, deposit slips, signature cards, voided or cancelled checks, bills, balance sheets, loans, amendments to any loan statements, and credit card statements.

10. Bank or similar records of all entities that the Debtors have ownership of or was a beneficiary of within the last five years.

11. Any and all documents evidencing any sale of property by any Debtor from January 1, 2016 to present, including but not limited, to HUD-1 statements and/or settlement statements.

12. The Operating Agreement for each Debtor, and any amendment thereto.